**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **FRANK ROCHA MEDELLIN, 1359317,** ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **No. 3:09-CV-1787-P** |
| ) | |
| **RICK THALER, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| **Respondent.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow.

**I.**       **Procedural Background**

Petitioner challenges his conviction for aggravated robbery with a deadly weapon.  *State*

*of Texas v. Frank Rocha Medellin*, No. F05-54380-NV (292nd Jud. Dist. Ct., Dallas County,

Tex., Mar. 13, 2006).  Petitioner's sentence was enhanced by a prior felony conviction.  He was

sentenced to fifty years imprisonment.

On December 12, 2006, the Fifth District Court of Appeals affirmed Petitioner's

conviction and sentence.  *Medellin v. State*, Nos. 05-06-00466-CR (Tex. App. – Dallas, Dec. 12,

2006).  Petitioner's petition for discretionary review was refused on June 13, 2007.  PDR No. 87-

07.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 1**

On May 19, 2008, Petitioner filed a state habeas petition.  *Ex parte Medellin*, No. 70,559-01.  After Petitioner filed a motion to voluntarily dismiss, the Court of Criminal Appeals dismissed the petition on September 24, 2008.  On December 29, 2008, Petitioner filed another state habeas petition challenging his conviction.  *Ex parte Medellin*, No. 70,559-05.  On September 8, 2009, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On September 21, 2009, Petitioner filed the instant § 2254 petition.  He argues:

1.  He received ineffective assistance of trial counsel when counsel:

    (A)  failed to investigate the facts of his case and understand the applicable laws;

    (B)  conveyed incorrect information which caused Petitioner to enter an involuntary guilty plea;

    (C)  advised Petitioner to sign judicial confessions;

2.  He received ineffective assistance of appellate counsel when counsel:

    (A)  failed to timely file a motion for new trial and raise the claim of ineffective assistance of trial counsel;

    (B)  examine the record for meritorious appellate claims;

3.  He was denied due process when the trial judge:

    (A)  accepted his guilty plea, although there was no evidence to support guilt;

    (B)  allowed him to waive his right to a jury trial; and

    (C)  denied him the right to confront witnesses during the punishment phase.

## II.   Discussion

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

1. **Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a state court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication
> of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
> (2)   resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ

of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United

States Supreme Court on a question of law or if the state court decides a case differently from the

United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*,

529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may

grant a writ of habeas corpus if the state court identifies the correct governing legal principle

from the United States Supreme Court's decisions, but unreasonably applies that principle to the

facts of the prisoner's case.  *Id.*

2. **Guilty Plea**

Petitioner argues his guilty plea was involuntary.  Prisoners challenging their guilty pleas

on collateral review must overcome a "strong presumption of verity" accorded "solemn

declarations" made in open court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Prisoners must also overcome the presumption of regularity and "great weight" accorded court

documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed,

unambiguous plea agreement "is accorded great evidentiary weight" when determining whether

a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th

Cir. 1986) (holding that court records are "accorded great weight").

In this case, Petitioner signed plea papers stating that he committed the offense of

aggravated robbery with a firearm, enhanced by a prior felony conviction, as charged in the

indictment. (Clerk's Record at 13-14.)  Additionally, Petitioner testified at the plea hearing that

he reviewed the plea papers with his attorney and that he understood each document that he

signed. (Plea Tr. at 5.)  He stated he signed the plea documents freely and voluntarily. (*Id.*)  He

testified that he was rejecting the governments plea offer, that he was pleading open to the court

and he understood he could be sentenced anywhere within the range of twenty-five years to life

in prison. (*Id.* at 4.)   Petitioner has failed to show that his guilty plea was unknowing or

involuntary.

**3.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1)

counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so

gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687

(1984).  To prove deficient performance, a petitioner must "show that counsel's representation

fell below an objective standard of reasonableness." *Id.* at 688.  In *Strickland*, the Court stated

that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort

[must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore,

must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(A)     Plea Sentence**

Petitioner argues his counsel was ineffective and his plea was involuntary because counsel told him he had no defense to the charges and that he would be sentenced to life in prison if found guilty. A defense attorney, however, "should make informed predictions about the consequences of either pleading guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). A defense attorney's warnings about the potential for a lengthy prison sentence does not compromise the voluntariness of a guilty plea. *Urseti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987) (finding plea voluntary where attorney warned client he would be lucky to get 99 years if he went to trial). In this case, Petitioner's sentence range was twenty-five years to life in prison. Petitioner also made a written confession that he robbed the complainant. (Punishment Tr. at State's Ex. 2.) Petitioner has failed to show that his counsel's statements rendered his guilty plea involuntary or that counsel was ineffective.

**(B)     Sentence**

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

Petitioner argues his counsel was ineffective and his guilty plea was not voluntary because counsel promised him that if he pled guilty and went open to the court on punishment, he would be sentenced to the minimum of twenty-five years.  On state habeas review, defense counsel submitted an affidavit stating that he never promised Petitioner a twenty-five year sentence or any other specific amount of time.  (*Ex parte Medellin*  at 98-99.)  Additionally, during the plea hearing the trial judge admonished Petitioner that:

> You understand because there is no plea bargain and you're going open to the Court, if you persist in your plea of guilty and true to these paragraphs, if I find – I could find you guilty.  And if I found the paragraphs true, I could sentence you anywhere within the range allowed by law which I just explained to you.

(Plea Tr. at 4.)  Petitioner stated he understood the admonition.  Petitioner has failed to show the state court's decision to deny relief on this claim was unreasonable.

**(C)     Investigation**

Petitioner argues his counsel was ineffective because he failed to properly investigate facts regarding an extraneous offense that was admitted into evidence during the punishment phase.  He states the complainant in the extraneous offense case never identified him as the carjacker.  The punishment transcripts show that defense counsel cross-examined this complainant and the complainant admitted he had not previously identified Petitioner as the carjacker.  (Punishment Tr. at 17).  During the punishment hearing, however, the complainant identified Petitioner in open court as the person who robbed him and stole his truck. (Punishment Tr. at 16).  Petitioner has failed to state how a further investigation would have benefitted the defense.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 6**

Petitioner also argues he was denied the right to confront witnesses.  He states police officers testified to information provided to them from certain witnesses, but these witnesses were not present for cross-examination.  Petitioner, however, had already pled guilty to the charges and to the enhancement paragraphs.  As to the extraneous offense carjacking, the complainant testified during the punishment phase and was cross-examine by defense counsel.  Petitioner's claim is without merit.

### (D)    Firearm

Petitioner argues he did not use a firearm in the offense and counsel failed to require that the state show Petitioner used a firearm.  Petitioner, however, pled guilty to using a firearm in the offense.  Once a guilty plea has been entered, all nonjurisdictional defects are waived.  *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)(citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)).  By Petitioner's guilty plea, he relieved the state of its burden to put forth evidence sufficient to sustain his conviction or the deadly weapon charge.   Petitioner's claim should be denied.

### (E)    Plea Advice

Petitioner argues his counsel was ineffective because he advised Petitioner to plead guilty to the deadly weapon charge and advised Petitioner to sign the judicial confession.  On state habeas review, defense counsel submitted an affidavit stating that Petitioner confessed to using a firearm during the robbery, and did not deny use of a firearm to him or the court during the plea hearing.  (*Ex parte Medellin* at 99.)  Defense counsel stated the complainant also claimed Petitioner used a firearm.  (*Id*. at 99.)  Petitioner has failed to show the state court's denial of this claim was unreasonable.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 7**

(F)     **Appellate Counsel**

Petitioner claims he received ineffective assistance of appellate counsel because counsel failed to file a timely motion for new trial, failed to raise ineffective assistance of trial counsel claims on direct appeal, and failed to show that his guilty plea was not voluntary.

The record shows appellate counsel did file a motion for new trial.  (Clerk's Record at 20.)  Further, Petitioner has stated no meritorious basis for arguing that his trial counsel was ineffective or that his guilty plea was involuntary.  Appellate counsel was not required to file frivolous motions.  *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).  Petitioner's claims should be denied.

**4.     Procedural Bar**

Petitioner argues he was denied due process when the trial court: (1) accepted his guilty pleas although there was no evidence to support his guilt; (2) allowed him to waive his right to a jury trial; and (3) denied him the right to confront witnesses during the punishment phase. Respondent argues these claims are procedurally barred.

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice."  *Harris v. Reed*, 489 U.S. 255, 262 (1989).

In this case, Petitioner failed to raise these claims on direct appeal.  On state habeas review, the court held that these claims were procedurally barred.  (*Ex parte Medellin* at 93-94). When the last state court to review a claim clearly and expressly states that its judgment rests on

<u>**Findings, Conclusions and Recommendation**</u>
<u>**of the United States Magistrate Judge -Page 8**</u>

a procedural bar, the procedural default doctrine generally bars federal review.  *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

To overcome the procedural bar, a petitioner must  demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a fundamental miscarriage of justice."  *Id*. at 524.

In this case, Petitioner has shown no cause for the procedural default.  Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice.  This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).  To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him.  Petitioner has not overcome the state procedural bar.  Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

5.     **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and

is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 8th  day of May, 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).